UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CECILEY CLEVETTE AUSTIN,

    Plaintiff,

v.                                           Case No. 3:22cv23575-MCR-HTC

OKALOOSA COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Okaloosa County Jail at the time she filed suit, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 complaining of medical treatment at the Jail. ECF Doc. 1. Plaintiff's complaint was accompanied by an insufficient motion to proceed *in forma pauperis*, so on November 29, 2022, the Court directed Plaintiff to pay the filing fee or file a complete *in forma pauperis* motion on the Court's form by December 20, 2022. ECF Doc. 4. Shortly thereafter, the Court's November 29 Order was returned as undeliverable. The clerk reviewed the Jail's website and determined Plaintiff had been released on December 1, 2022, and forwarded the November 29 Order, as a matter of courtesy, to the address listed on the Okaloosa County Jail website for Plaintiff. That mailing was not returned as undeliverable. Plaintiff, nonetheless, did

not comply with the November 29 Order.  Plaintiff also did not notify the Court of a change in her address.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address.  *See McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").  Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute as Plaintiff has not filed anything with the Court since the initial filings on November 17, 2022.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute the claim, comply with the Federal Rules of Civil

Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Finally, Plaintiff's requests for a preliminary injunction and for an ongoing injunction are mooted by her release from the Jail. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief" regarding conditions of confinement. *McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir.1984). This is because "[p]ast exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (citation omitted).

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ fair procedure, a district court must generally "provide the

plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). Thus, this Report and Recommendation constitutes fair notice to Plaintiff that her suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present any objections to this finding, and the presiding district judge will review de novo properly submitted objections. *See* 28 U.S.C. § 636(b)(1).

It is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of her address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 5th day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv23575-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.